UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FREEDOM HOLDING, INC. and ELITE WORLD GROUP, LLC, Plaintiffs, | | |
| -v- | | 26 Civ. 9428 (JPC) |
| SILVIO SCAGLIA, *et al.*, Defendants. | | ORDER |

JOHN P. CRONAN, United States District Judge:

On November 18, 2026, the parties filed a flurry of motions and documents. The Court addresses several issues related to those filings.

First, Defendants Paolo Barbieri, Fabio Pelino, Serge Marion, and Michelle-Marie Heinemann (together, the "Jurisdictional Defendants") have all respectively moved to dismiss Plaintiffs' Complaint. *See* Dkts. 80, 84, 88, 92. But none of the Jurisdictional Defendants followed the Court's Rules concerning pre-motion letters. *See* Individual Rules and Practices in Civil Cases, Rule 6.A. Furthermore, the motions are premature—only a few weeks have passed since Plaintiffs filed their Complaint, and Plaintiffs' motion for alternative service is still pending. The Court therefore denies the Jurisdictional Defendants' motions without prejudice to renewal.

Second, the Jurisdictional Defendants have crammed seven separate exhibits into a single docket entry. *See* Dkt. 99. In the future, the Jurisdictional Defendants shall file exhibits as separate documents under the same overarching docket number. *See, e.g.*, Dkt. 109.

Third, Plaintiffs have requested live testimony from four key witnesses. Dkt. 107. By November 23, 2026, the Jurisdictional Defendants shall respond to Plaintiffs' letter. The Court notes that such witness testimony may aid its ruling, given that the Jurisdictional Defendants

appear to controvert Plaintiffs' account of the facts. *See* Dkt. 96 at 7 ("Plaintiffs' asserted emergency depends on disputed descriptions of transactions."); *id.* at 8 ("The Haart declaration and the Plaintiffs misrepresent the facts."). If the Jurisdictional Defendants oppose witness testimony, the Court will also permit them to stipulate to Plaintiffs' account solely for purposes of this hearing and the preliminary injunction, without waiving any future defenses.

Fourth, in their November 23 letter, Defendants shall also indicate whether they are willing to stipulate that they will (i) not act or hold themselves out as managing or directing the New York companies Elite World Group, LLC and Freedom Holding, Inc.; (ii) not sell, transfer, or encumber Elite World Group, LLC or Freedom Holding, Inc.; and (iii) inform all relevant parties of those facts. *See* Dkt. 54 at 37:24-38:05 (Defendants previously stipulating that "they have no authority to act for plaintiffs EWG or FHI and that they'll inform all relevant parties of that fact"). Such a renewed stipulation may help narrow the scope of the issues at the impending hearing.

Finally, Defendants DDK & Company, LLP and Jeffrey Feinman (together, the "DDK Defendants") have indicated that they are currently producing documents to Plaintiffs in accordance with the Court's November 10, 2026 Order. *See* Dkts. 76 at 21:19-22:08, 79 at 1. They therefore request permission "not to attend or appear for" the preliminary-injunction hearing. Dkt. 79 at 2 n.1. By November 23, 2026, Plaintiffs shall indicate whether they oppose the DDK Defendants' request—especially in light of the fact that Plaintiffs' proposed injunction does not refer to the DDK Defendants. Dkt. 111.

The Clerk of Court is respectfully directed to close Docket Numbers 80, 84, 88, and 92.

SO ORDERED.

Dated: November 19, 2026
New York, New York

JOHN P. CRONAN
United States District Judge